HERMES GALANES MALARET, representado por su madre con patria potestad, ROSA MALARET JIMÉNEZ, demandante y apelado, *v.* CORNELIO CIPRIÁN GALANES REBOYRAS, JOSÉ OLIVEROS y ADELA CASTILLO, demandados y apelantes.

Núm. 7766.—*Sometido:* Mayo 10, 1939. *Resuelto:* Mayo 24, 1939.

*Luis Mercader,* abogado de los apelantes; *Francisco R. Flores,* abogado del apelado.

El Juez Asociado Señor Travieso emitió la opinión del tribunal.

El objeto principal de la acción que se ejercita en este caso es la reivindicación de un solar y casa, valorados en $300, y recobrar la suma de $160 como indemnización por las rentas que el demandante dejó de percibir.

El demandante, niño de nueve años de edad, quien comparece representado por su madre, alegó en su demanda ser dueño del solar y casa que reclama por haberlos adquirido por compra y mediante escritura pública; que su padre, el demandado Cornelio Ciprián Galanes, sin poder ni autoridad para ello y sin que mediara autorización judicial, permutó la

finca del demandante por otra de la propiedad de los code-
mandados Oliveros y Castillo, valorada en $250.00; que la
escritura de permuta así otorgada es nula e inexistente; que
los demandados Oliveros y Castillo han estado y están en po-
sesión de la finca del demandante desde julio 10 de 1933, sin
derecho o título legal para ello, privando al demandante de
una renta mensual de $5, que asciende en total a $160.

Los demandados interpusieron una negación general de
todos los hechos de la demanda. Visto el caso ante la Corte
Municipal de Utuado dictó ésta sentencia desestimando la de-
manda. Apeló la parte demandante para ante la Corte de
Distrito de Arecibo, y visto el caso *de novo* dicha corte dictó
sentencia declarando que el demandante es dueño de la finca
que reclama y debe ser puesto en posesión de la misma; que
habiéndose mejorado la finca no sería justo condenar a los
demandados al pago de las rentas reclamadas; y que los de-
mandados deben pagar las costas sin incluir honorarios de
abogado. No conforme los demandados interpusieron el pre-
sente recurso.

 El primero y tercer señalamientos de error se ba-
san en la alegada falta de jurisdicción de la Corte Municipal
para conocer del caso, por exceder de $500 la cuantía en-
vuelta.

Para sostener su tesis los apelantes practican la siguiente
adición:

| | |
|---|---|
| Valor de las dos fincas permutadas__ | $550. 00 |
| Valor de la finca a reivindicar_____ | 300. 00 |
| Rentas que se piden_____ | 160. 00 |
| | $1, 010. 00 |

La corte inferior resolvió, a nuestro juicio correctamente,
que la jurisdicción de la corte municipal "debe determinarse
por el valor de la finca en la cual el demandante reclama un
interés y no por el valor computado de las dos fincas permu-
tadas."

El total reclamado por el demandante, por el valor de su finca más las rentas, ascendía a $460, suma comprendida dentro del límite jurisdiccional de la corte ante la cual se radicó la demanda. Tratándose de la reivindicación de un inmueble ilegalmente enajenado, ¿qué importancia puede tener, a los fines de determinar la jurisdicción, el precio o consideración recibido por el enajenador ilegal, teniendo en cuenta que el legítimo dueño no está obligado a reintegrar lo que él no ha recibido?

La jurisdicción se determina por el valor o cuantía que se reclame en la súplica de la demanda. De acuerdo con la escritura de adquisición, la finca fué comprada por el demandante por $250. En la escritura de permuta los demandados le dieron un valor de $300, que es el mismo que se le fija en la demanda, y están por tanto impedidos de alegar que el valor de la finca es mayor que esa suma.

El segundo señalamiento se refiere a la alegada falta de capacidad legal de la madre del menor demandante para representar a éste en el pleito.

En la vista del caso el demandante ofreció y fué admitida en evidencia una copia certificada de la sentencia en rebeldía dictada por la Corte de Distrito de Arecibo, en el caso de divorcio entre Rosa Malaret y José Galanes, padres del menor demandante. En dicha sentencia se declara roto el vínculo matrimonial, "quedando el hijo habido en el matrimonio bajo la patria potestad de la madre demandante." Del récord aparece que desde el 11 de mayo de 1934 en que se dictó dicha sentencia hasta el momento del juicio el menor ha vivido siempre con la madre, quien le ha proporcionado alimentos, sin que el padre se haya ocupado de él para nada.

La objeción que tardíamente y por primera vez en este recurso hace el apelante padre del menor, de que no se probó que la sentencia fuera firme, carece de fundamento. La sentencia tenía la presunción de validez desde el momento en que fué dictada, y era al padre demandado en divorcio y privado

de la patria potestad sobre el menor por sentencia judicial, a quien incumbía probar que los efectos de dicha sentencia habían sido y estaban suspendidos por la oportuna interposición de un recurso de apelación. No habiéndolo hecho así, debemos presumir que dicha sentencia nunca fué apelada y debe surtir todos sus efectos legales. Si tomamos en consideración, además, el conflicto de intereses existente entre el menor y su padre, debemos resolver que la corte inferior procedió correctamente al reconocer la capacidad de la madre para representar a su hijo.

■■ El cuarto señalamiento de error lee así:

"Al negar a los demandados enmendar la contestación para establecer la defensa de que el importe pagado por Galanes, al adquirir la finca de Pablo Avilés en 1931 y que puso a nombre de su hijo menor el demandante, fué pagado con dinero procedente de herencia y que era un bien privativo del padre."

La cuestión planteada, tal y como aparece en la página 23 de la transcripción de evidencia, es la siguiente:

"Abogado Sr. Mercader: Antes de continuar el caso suplicamos a la Corte nos admita enmendar la contestación de la demanda en su súplica, interesando del tribunal que al dictar sentencia en su fondo, por haber surgido que tiene jurisdicción, que declare sin lugar la demanda y disponga que se cancele y se deje sin efecto la escritura a favor del menor hecha en mil novecientos treinta y uno de proceder, luego de evacuar la evidencia nuestra. Que en caso que probemos a la Corte los hechos suficientes, que entonces el tribunal dé por enmendada la contestación y la súplica de ella.

"Hon. Juez: La Corte, según ha sido aclarado por el abogado, lo que pretende es incluir en este pleito en apelación una nueva controversia, o sea que se le permita enmendar la contestación en el sentido de poder presentar pruebas para justificar que la escritura por la cual el menor adquirió la finca descrita en el hecho tercero era nula; y solamente esto sería una nueva controversia que no puede, a nuestro juicio, iniciarse en este momento después de oída la prueba de la parte demandante en un caso apelado de la Corte Municipal."

La corte inferior no abusó en manera alguna de su discreción al denegar el permiso solicitado. La moción de los demandados era no solamente tardía si que también contraria a la buena práctica. Si fuera cierto que el demandado padre del menor había pagado el precio de la finca con dinero perteneciente a él privativamente, ese hecho debió constarle a dicho demandado desde la fecha en que pagó el dinero, en 1931. Y no sería justo ni correcto permitir a un demandado callar y ocultar sus defensas para interponerlas a su arbitrio después de oír toda la prueba aducida por el demandante en apoyo de su demanda. Además, la evidencia que pretendió ofrecer el demandado para sostener su nueva defensa era claramente inadmisible, pues ella tenía por objeto contradecir los términos expresos de una escritura pública cuya validez no había sido impugnada en la contestación, lo que no es permisible de acuerdo con lo dispuesto en los artículos 24 y 25 de la Ley de Evidencia. Debe desestimarse el cuarto error señalado y también el quinto por envolver la misma cuestión que acabamos de resolver.

■ En el sexto y séptimo señalamientos se discute la resolución de la corte inferior negándose a admitir en evidencia un *affidavit* ofrecido por los demandados para tratar de probar que además de lo que se hizo constar en la escritura de permuta como recibido por el demandado Galanes, padre del menor, el demandado Oliveros entregó a Galanes $100.00 más como consideración de dicho contrato.

No conocemos el contenido exacto del *affidavit* en cuestión, pues el mismo no ha sido elevado a esta corte. Sin embargo, las constancias del récord son suficientes para qué podamos darnos cuenta de la naturaleza del documento y de las razones que tuvo la corte para no admitirlo. Presentado el *affidavit* al demandado Galanes mientras declaraba como testigo, para su identificación, el abogado del demandante, después de examinar el documento, se opuso a su admisión porque: "es nulo y no es admisible en evidencia, porque se declara un fraude al estado en ese documento y un fraude más grande al menor. En el documento se declara que ambos se combi-

naron para defraudar al menor en cien dólares y defraudar al Pueblo de Puerto Rico en el importe de los derechos de la escritura." La resolución de la corte dice así:

"Hon. Juez: Haga constar el taquígrafo que el documento es una constancia en documento privado que hizo José Olivero y Ciprián Galanes de que lo consignado en una escritura pública no era la verdad y que era otro el precio del contrato de permuta objeto de la demanda. La corte entiende que no siendo admisible este documento no debe hacérsele pregunta alguna al testigo porque lo consignado en una escritura pública no puede variarse en una declaración por un documento privado a no ser que entre las partes del contrato exista algún pleito en que se haya alegado alguna sorpresa, error o fraude por parte de uno contra el otro."

No erró el tribunal a quo al rechazar el affidavit. Además de las razones que tuvo la corte para no admitirlo, opinamos que era inadmisible por su naturaleza de *self-serving,* o sea hecho para ser usado solamente cuando y si conviniese a los intereses de los declarantes; y además, por ser inmaterial el precio o consideración adicional que recibiera y se guardara para sí el demandado Galanes, quien no estaba autorizado para enajenar la finca del menor.

█ El octavo y último señalamiento se refiere a la apreciación de la evidencia por el tribunal inferior. Hemos leído cuidadosamente la transcripción de evidencia y encontramos que las conclusiones de hecho a que llegó la corte sentenciadora están justificadas por la prueba. La falta de poder o autorización judicial, necesaria para que el demandado Galanes pudiese disponer legalmente de la propiedad del menor, quedó claramente establecida. La permuta hecha en esas condiciones era legalmente nula y en nada podía obligar al menor. La corte inferior procedió conforme a derecho al condenar a los demandados a devolver la propiedad a su legítimo dueño.

*Debe confirmarse la sentencia recurrida.*

El Juez Asociado Sr. Wolf está conforme con el resultado.*

---

* NOTA: Véase el prefacio.